UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VICTOR JOHNSON,

    Plaintiff,

v.

WILLIAM PERSINGER, *et al.*,

    Defendants.

18-CV-1152 (JLS) (HKS)

---

## DECISION AND ORDER

*Pro se* Plaintiff Victor Johnson commenced this action on October 19, 2018, pursuant to 42 U.S.C. §§ 1983 and 1985, and New York State law. Dkt. 1. Johnson alleges that Defendants—New York State, and members of the New York State Police Department ("State Defendants"); and Niagara County, and several of its assistant district attorneys ("County Defendants")—falsely arrested and maliciously prosecuted him, and that property taken from him at the time of his arrest has not been returned. On February 18, 2020, the Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr. to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 24.

The County and State Defendants both filed motions to dismiss. Dkts. 9 & 14. On March 17, 2022, Judge Schroeder issued a Report and Recommendation ("R&R") that recommends granting the County Defendants' motion and granting in

part and denying in part the State Defendants' motion. Dkt. 34. The R&R recommends allowing the false arrest claim against State Defendants William Persinger and DiPasquale,[1] the malicious prosecution claim against Persinger, and Johnson's claims regarding the property taken at the time of his arrest to survive.

Johnson filed an objection in which he objects to the dismissal of the "Niagara County and New York State Defendants." Dkt. 37 ¶ 4. He cites *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to argue that "municipalities can be held liable even for a single decision that is improper." *Id.* at ¶ 5. He believes he has alleged sufficient facts to establish municipal liability and attached "an amended complaint which consists of [his] original complaint plus additional facts and details." *Id.* at 34. He also notes that the attached proposed amended complaint establishes racial animus in support of his Section 1985 conspiracy claim. *Id.* at ¶¶ 9-10. Johnson then filed another amended complaint, which also includes what appears to be a memorandum in support, a third amended complaint, and additional attachments. Dkt. 39.

Neither the State Defendants nor the County Defendants filed responses to Johnson's objection. Both, however, filed motions requesting the Court to set a deadline to answer the filings in Docket Items 37 and 39 after the Court rules on the R&R. Dkts. 43 & 44. Johnson did not file a response.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district

---

[1] DiPasquale is the only named defendant identified solely by last name.

court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Such objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." L. R. Civ. P. 72(b). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Here, Johnson generally objects to the portions of the R&R recommending dismissal. He cites two cases and provides additional factual allegations to support his belief that he has sufficiently pled his claims. But he has not specifically identified which portions of the R&R he takes issue with—he just takes issue with the result. This is not sufficient to trigger a *de novo* standard of review, and the Court has determined that the R&R is not clearly erroneous or contrary to law. But even if a *de novo* standard of review applied, Johnson's objections fare no better. The Court, therefore, accepts and adopts the R&R.

Additionally, considering the different proposed amended complaints filed in Docket Items 37 and 39, it is unclear which is intended to amend the original complaint. Given this ambiguity, these filings *will not be considered*. The Court will, however, permit Johnson to file an amended complaint in accordance with this

3

order and the R&R. Such amended complaint is due July 22, 2022. Defendants shall have 21 days after receipt of such amended complaint to respond. Otherwise, Defendants shall answer the remaining claims of the original complaint by August 5, 2022. Defendants' motions requesting a deadline to answer are denied as moot.

## CONCLUSION

For these reasons, all claims against New York State are DISMISSED without prejudice; all claims brought against the individual State Defendants in their official capacities are DISMISSED without prejudice; the claims brought against the individual County Defendants in their official capacities are DISMISSED without prejudice, to the extent the claims allege misconduct stemming from prosecutorial conduct; all Section 1983 and Section 1985 claims brought against the County Defendants in their official capacities, and against County Defendant Caroline Wojtaszek in her individual capacity, are DISMISSED; all state law claims against the County Defendants are DISMISSED; the malicious prosecution claim against the County Defendants is DISMISSED, with leave to amend; all conspiracy claims are DISMISSED, without prejudice and with leave to amend; and all New York State Constitution claims against Persinger are DISMISSED. The false arrest claim against Persinger and DiPasquale, the malicious prosecution claim against Persinger, and the claims regarding the property taken at the time of Johnson's arrest survive.

Johnson is granted leave to file an amended complaint. Johnson is advised that an amended complaint is intended to completely replace the prior complaint in

4

the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Johnson's amended complaint must include all of his claims so that it may stand alone as the sole complaint to be answered. Such amended complaint shall be filed by July 22, 2022. Defendants shall have 21 days after receipt of such amended complaint to respond. Otherwise, Defendants shall answer the remaining claims of the original complaint by August 5, 2022. Defendants' motions requesting a deadline to answer are DENIED as moot. The case remains referred to Judge Schroeder.

**SO ORDERED.**

Dated:   June 27, 2022
         Buffalo, New York

*[signature: John L. Sinatra, Jr.]*

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE