UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VICTOR JOHNSON,

        Plaintiff,

    v.

THE STATE OF NEW YORK,
WILLIAM PERSINGER, JOHN
DIPASQUALE, JOHN PHILLIPS, JR.,
SUSAN BJORNHOLM, AND
CAROLINE WOJTASZEK, D. SCIRRI,
ROBERT MILES, AND THE COUNTY
OF NIAGARA,

        Defendants.

_____

18-CV-1152 (JLS) (HKS)

## DECISION AND ORDER

*Pro se* Plaintiff Victor Johnson commenced this action on October 19, 2018

pursuant to 42 U.S.C. §§ 1983 and 1985 and New York State law alleging that various

defendants—including New York State and members of the New York State Police

Department (the "State Defendants"), as well as Niagara County and several of its

assistant district attorneys ("County Defendants")—falsely arrested and maliciously

prosecuted him, and that property taken from him at the time of his arrest has not

been returned. *See* Dkt. 1. This Court referred the case to United States Magistrate

Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A),

(B), and (C). Dkt. 24.

Following motions to dismiss (Dkt. 9, 14), this Court granted Plaintiff leave to

amend the complaint. *See* Dkt. 46. Plaintiff filed an Amended Complaint on July 22,

2022.  Dkt. 48.  The County Defendants and State Defendants each moved to dismiss the Amended Complaint.  Dkt 54, 55.  Plaintiff opposed both motions, Dkt. 57, and the defendants replied.  Dkt. 58, 59.  Plaintiff then filed a sur-reply.  Dkt. 60.

On July 7, 2023, Judge Schroeder issued a Report, Recommendation, and Order ("R&R") addressing the motions to dismiss.[1]  He interpreted the Amended Complaint as asserting the following claims, all under 42 U.S.C. § 1983:

- False arrest, false imprisonment, and malicious prosecution claims against Persinger, Dipasquale, Phillips, and Bjornholm relating to: (1) Plaintiff's June 6, 2018, Indictment No. 2017-438-1 (the "June Indictment"); (2) Plaintiff's July 2018 arrest and confinement for allegedly intimidating a witness (the "First Intimidation Charge"); and (3) the defendants' alleged involvement with a sealed indictment regarding an October 2018 witness intimidation charge (the "Second Intimidation Charge");

- Fourth Amendment claims against Persinger, Dipasquale, Phillips, and Bjornholm for the seizure of Plaintiff's personal property during the First Intimidation Charge arrest;

- A *Monell* claim against unspecified Defendants for promoting unconstitutional investigative techniques;

---

[1] The R&R also addressed a motion to compel by Plaintiff (Dkt. 57) as well as a motion to stay discovery and motion to strike by the County Defendants (Dkt. 61).  *See* Dkt. 65 at 41-42.

- A denial of the right to a fair trial claim against Persinger, Dipasquale, Phillips, and Bjornholm for conduct relating to the June Indictment, First Intimidation Charge, and Second Intimidation Charge; and

- Conspiracy claims against Persinger, Dipasquale, Phillips, and Bjornholm for conspiring to commit these various alleged constitutional violations. *See* Dkt. 65 at 2-3.

Judge Schroeder recommended that this Court grant the County Defendants' motion to dismiss in its entirety. *See id.* at 42. He further recommended that this Court grant in part and deny in part the State Defendants' motion to dismiss, such that the following claims would remain:

- False arrest, false imprisonment, and malicious prosecution claims relating to the First Intimidation Charge against Persinger and Dipasquale;

- Malicious prosecution claims relating to the Second Intimidation Charge against Persinger and Dipasquale;

- Fair trial deprivation claims relating to the June Indictment, First Intimidation Charge and Second Intimidation Charge against Persinger and Dipasquale;

- A Fourth Amendment claim for the seizure of Plaintiff's personal property in relation to the First Intimidation Charge arrest against Dipasquale; and

- A conspiracy claim in relation to Persinger's conduct leading up to the June Indictment and First Intimidation Charge.  *Id.*[2]

On August 3, 2023, Plaintiff objected to the R&R.  Dkt. 70.  Defendants opposed Plaintiff's objections, Dkt. 74, 75, and Plaintiff replied.  Dkt. 76.  The State Defendants also filed objections.  Dkt. 72.  In particular, they "solely object to the Court's decision . . . not to dismiss the fair trial deprivation and conspiracy claims relating to the June Indictment."  *Id.* at 3.  Plaintiff did not respond.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  This Court carefully reviewed the R&R, the objections briefing, and the relevant record.  Based on its *de novo* review, the Court concludes that the State Defendants' objections (Dkt. 72) are meritorious.

To the extent that the Amended Complaint asserts claims for deprivation of a fair trial and conspiracy relating to the June Indictment, those claims are barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck,* the Court "confronted the question of whether, given the overlap between § 1983 and the federal habeas corpus statute, a prisoner seeking civil damages may proceed with a § 1983 claim where success on the claim necessarily would implicate the

---

[2] These claims are asserted against Defendants in their individual capacities.  *Id.*

unconstitutionality of the prisoner's conviction or sentence." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999). Accordingly, "the Court adopted the rule that 'when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Id.* (quoting *Heck*, 512 U.S. at 487). If it would, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, a claim that Plaintiff was denied a fair trial with respect to the June Indictment would necessarily challenge the validity of his conviction for attempted enterprise corruption that resulted from his guilty plea. Because that conviction remains valid, the claim is barred by *Heck*. *See Perez v. Cuomo*, No. 09-CV-1109(SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983") (internal quotation marks omitted); *Cruz v. Reilly*, No. 08-CV-1245 JFB AKT, 2009 WL 2567990, at *3 (E.D.N.Y. Aug. 18, 2009) ("pursuant to *Heck*, courts routinely dismiss claims of . . . deprivation of the right to a fair trial brought under Section 1983 when such claims bear on the validity of an underlying conviction or sentence").

Plaintiff's conspiracy claims, to the extent based on the June Indictment, are likewise barred by *Heck*. *See Amaker*, 179 F.3d at 51-52 ("Each of plaintiff's causes of action here turns on the asserted existence of a conspiracy to frame plaintiff for murder, and thus deciding in his favor on any of them plainly would call into question the validity of his conviction"). In addition, any Section 1983 conspiracy claim based on the June Indictment also fails because all underlying Section 1983 claims relating

to the June Indictment have been dismissed. *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails").

Plaintiff may seek to reassert these claims if his conviction in invalidated. *See Amaker*, 179 F.3d at 52 ("Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus'") (quoting *Heck*, 512 U.S. at 487).

The Court otherwise accepts and adopts Judge Schroeder's recommendation. As such, the Court GRANTS the County Defendants' motion to dismiss. The Court further GRANTS in part and DENIES in part the State Defendants' motion to dismiss. As a result, the following claims remain:

- False arrest, false imprisonment, and malicious prosecution claims relating to the First Intimidation Charge against Persinger and Dipasquale;

- Malicious prosecution claims relating to the Second Intimidation Charge against Persinger and Dipasquale;

- Fair trial deprivation claims relating to the First Intimidation Charge and Second Intimidation Charge against Persinger and Dipasquale;

- A Fourth Amendment claim for the seizure of Plaintiff's personal property in relation to the First Intimidation Charge arrest against Dipasquale; and

6

- A conspiracy claim in relation to the First Intimidation Charge.[3]

The case is referred back to Judge Schroeder for further proceedings consistent with the February 18, 2020 referral order.  *See* Dkt. 24.

SO ORDERED.

Dated:          September 6, 2023
               Buffalo, New York

 

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] These claims are asserted against the defendants in their individual capacities.

7