**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────

**VICTOR JOHNSON,**

                              **Plaintiff,**

              **-v-**                                    **18-CV-1152JLS(HKS)**

**WILLIAM PERSINGER, New York State**
**Police Officer, et al.,**

                              **Defendants.**

─────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

              This case was referred to the undersigned by the Hon. John L. Sinatra, in

accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon

dispositive motions.  Dkt. #24.


              Plaintiff Victor Johnson ("Plaintiff" or "Johnson") brings this action, *pro se*,

pursuant to 42 U.S.C. §§ 1983 and 1985.  *See* Dkt. #85.  In the Second Amended

Complaint ("SAC"), the operative pleading in this case, Plaintiff alleges that New York

State Police Investigator William Persinger ("Inv. Persinger"), New York State Police

Investigator John Dipasquale ("Inv. Dipasquale"), New York State Trooper Robert Miles

("Trooper Miles"),[1] New York State Trooper Dean Scirri ("Trooper Scirri"), and New York

State Trooper James L. Moscato ("Trooper Moscato") (collectively, "Defendants")

violated his constitutional rights during the course of four state criminal proceedings:

───────────────

[1] On August 5, 2024, this Court ordered service on Trooper Miles, Trooper Scirri, and
Trooper Moscato.  Dkt. #102.  Trooper Miles' summons returned unexecuted.  Dkt.
#103.

1) Plaintiff's indictment for enterprise corruption in June 2018, Indictment No. 2017-438-1 ("First Enterprise Indictment"); 2) Plaintiff's arrest for witness intimidation in July 2018 ("First Intimidation Charge"); 3) Plaintiff's indictment for witness intimidation in October 2018, Indictment No. 2018-427 ("Second Intimidation Charge"); and 4) Plaintiff's second indictment for enterprise corruption in July 2019, Indictment No. 2018-406-A ("Second Enterprise Indictment").  *See id.*

This Court liberally construes Plaintiff's SAC as alleging the following claims against Defendants:

- Fair trial deprivation claims against Inv. Persinger and Inv. Dipasquale related to the First Enterprise Indictment.  *See id.*, ¶ 7.

- False arrest, false imprisonment, malicious prosecution, fair trial deprivation, and conspiracy claims against Inv. Persinger and Inv. Dipasquale related to the First Intimidation Charge.  *See id.*, ¶¶ 49, 53, 58, 64; *see also* Dkt. #48, ¶¶ 17-41.[2]

- False arrest and false imprisonment claims against Trooper Miles and Trooper Scirri related to the First Intimidation Charge.  *See* Dkt. #85, ¶¶ 49, 53, 58, 64; *see also* Dkt. #48, ¶¶ 17-41.

- Illegal seizure of personal property claims against Inv. Dipasquale, Trooper Miles, and Trooper Scirri related to the First Intimidaton Charge.  *See* Dkt. #85, ¶ 64.

- Malicious prosecution and fair trial deprivation claims against Inv. Persinger and Inv. Dipasquale related to the Second Intimidation Charge.  *See id.*, ¶¶ 62-63.

---

[2] Plaintiff attempts to incorporate wholesale the allegations in his previous amended complaint, *see* Dkt. #48, into the SAC, *see* Dkt. #85, ¶¶ 3, 5.  Although "[i]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), neither Judge Sinatra's most recent D&O, *see* Dkt. #77, nor this Court's most recent case management order, *see* Dkt. #81, warned Plaintiff of that possibility.  Accordingly, this Court considers Plaintiff's SAC to incorporate by reference those portions of his amended complaint involving the claims not previously dismissed by Judge Sinatra.

- False arrest, false imprisonment, malicious prosecution, fair trial deprivation, conspiracy, and illegal seizure of personal property claims against all Defendants related to the Second Enterprise Indictment. *See id.*, ¶¶ 21-37.

Defendants moved to dismiss Plaintiff's SAC, except as to the false arrest, false imprisonment, malicious prosecution, fair trial deprivation, and conspiracy claims against Inv. Persinger and Inv. Dipasquale related to the First Intimidation Charge, and except as to the illegal seizure of personal property claim against Inv. Dipasquale related to the First Intimidation Charge.  *See* Dkt. #89 (Inv. Persinger's and Inv. Dipasquale's motion to dismiss); Dkt. #110 (Trooper Scirri's and Trooper Moscato's motion to dismiss).  For the following reasons, this Court recommends that Defendants' motions to dismiss be granted.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's SAC, #Dkt. 85, his amended complaint, Dkt. #48, the documents attached to, incorporated by reference in, or integral to those pleadings, *see DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010), as well as any other documents of which this Court may take judicial notice, *see Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).  As required at the motion to dismiss stage, this Court accepts Plaintiff's well-pleaded factual allegations as true and draws all inferences in his favor.  *See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  Plaintiff alleges as follows.

In October 2017, Inv. Persinger approached Tramaine Sanchez ("Sanchez"), a woman with whom Plaintiff had children, to convince her to make a statement regarding Plaintiff's suspected involvement in a check cashing scheme.  *See* Dkt. #48, ¶¶ 17, 21, 24.  Inv. Persinger threatened to interfere with Sanchez's ability to visit her children in foster care if she did not provide a statement implicating Plaintiff, but he also promised to get her children back into her custody if she cooperated.  *Id.*, ¶¶ 22, 24-25.  Inv. Persinger drove Sanchez to the New York State Police barracks in Niagara Falls where she recorded a statement containing unspecified allegations about Plaintiff that Sanchez and Inv. Persinger knew were false.  *See id.*, ¶¶ 22, 25-26.

Later, in December 2017, Inv. Persinger interviewed Tasheen N. Dillard ("Dillard"), another woman with whom Plaintiff had children, at Albion Correctional Facility where Dillard agreed to help Inv. Persinger make a case against Plaintiff.  *See id.*, ¶¶ 54-56.  Around the same time, Inv. Dipasquale took statements and gathered other evidence in an improper manner to assist in Inv. Persinger's investigation of Plaintiff.  *Id.*, ¶ 84.  According to Plaintiff, Inv. Dipasquale was motivated, at least in part, by a prior history of investigating and arresting Plaintiff.  *See id.*, ¶¶ 72-76.

In May 2018, Sanchez testified before a grand jury in Niagara County, which resulted in the First Enterprise Indictment charging Plaintiff with enterprise corruption under New York Penal Law § 460.20.  *See id.*, ¶¶ 15, 33-36; Dkt. #85, ¶ 60. Plaintiff was arrested on the Enterprise Indictment on June 8 and arraigned before New York State Supreme Court Justice Richard C. Kloch, Sr., on June 11.  Dkt. #48, ¶¶ 15-

16.  Justice Kloch set Plaintiff's bail at $50,000-$100,000; Plaintiff posted bail and was released.  *Id.*, ¶ 16.

While Plaintiff was out on bail, Sanchez recorded another statement for Inv. Persinger on July 2, 2018.  *Id.*, ¶ 17; Dkt. #85, ¶ 60.  In that statement, Sanchez claimed that Plaintiff had threatened to kill her for cooperating with law enforcement in connection with the First Enterprise Indictment.  *See* Dkt. #48, ¶¶ 17-20; Dkt. #85, ¶¶ 60-61.  According to Plaintiff, however, Inv. Persinger knew that Sanchez was lying because the Niagara Falls Police Department had previously investigated those same allegations and found that they lacked merit.  *See* Dkt. #48, ¶¶ 17-20; Dkt. #85, ¶ 64.  Nevertheless, Plaintiff was arrested for intimidating a witness in the third degree under New York Penal Law § 215.15—the First Intimidation Charge—on July 13, 2018.  *See* Dkt. #48, ¶ 44; Dkt. #85, ¶¶ 49, 58-61.  Trooper Scirri and Trooper Miles, purportedly at the behest of Inv. Dipasquale, effectuated Plaintiff's arrest on the First Intimidation Charge.  *See id.*

During Plaintiff's arrest, Trooper Scirri and Trooper Miles seized Plaintiff's cell phone, as well as $1,700 in cash from Plaintiff's wallet.  Dkt. #48, ¶ 45; Dkt. #85, ¶¶ 53, 58-59.  Plaintiff was brought before Justice Kloch, who revoked Plaintiff's bail on the Enterprise Indictment and remanded Plaintiff to Niagara County Jail.  Dkt. #48, ¶ 48; *see* Dkt. #85, ¶ 47.  On or around July 22, 2018, a Niagara County grand jury found that there was insufficient evidence to indict Plaintiff for intimidating a witness in the third degree, and Plaintiff was released from custody two days later.  Dkt. #48, ¶ 53; Dkt.

#85, ¶¶ 47, 49.  Plaintiff then sought the return of his cell phone and the $1,700, but those items were never returned to him.  *See* Dkt. #48, ¶ 46; Dkt. #85, ¶¶ 53, 58.

On October 21, 2018, Trooper Scirri arrested Plaintiff pursuant to a warrant issued by the Pendleton Town Court.  *See* Dkt. #85, ¶¶ 21, 28, 47.  A Niagara County grand jury had also indicted Plaintiff on the Second Intimidation Charge around the same time.  *See* Dkt. #89-5; *see also* Dkt. #48, ¶¶ 128-131; Dkt. #85, ¶¶ 62-63.  Plaintiff claims that his arrest was at the behest of Inv. Persinger and Inv. Dipasquale, as well as "based on a felony complaint . . . put together by" Trooper Moscato.  *See* Dkt. #85, ¶¶ 28, 70.  Several unknown officers searched Plaintiff's vehicle without a warrant, and they seized two cell phones and $5,650 in cash.  *Id.*, ¶¶ 25, 47, 53.  Trooper Scirri then transported Plaintiff to the New York State Police barracks in Niagara Falls and seized Plaintiff's wallet, credit cards, and $930 in cash, which he gave to Inv. Dipasquale.  *See id.*, ¶¶ 27, 58-59.  Plaintiff never received any of those items back.  *Id.*, ¶¶ 35, 47, 53.

On or about October 25, 2018, Plaintiff was brought before Pendleton Town Justice Kevin Mack for a felony hearing.  *Id.*, ¶ 31.  Inv. Dipasquale purportedly lied on the stand, and Justice Mack struck his entire testimony.  *See id.*  Nevertheless, Justice Mack found that there was probable cause to detain Plaintiff for the grand jury and remanded Plaintiff to Niagara County Jail.  *Id.*  In January 2019, a grand jury indicted Plaintiff for enterprise corruption, but following Plaintiff's *pro se* motion to dismiss, Justice Kloch dismissed the indictment on March 29, 2019, because Plaintiff

had not been allowed to testify on his own behalf before the grand jury.  *Id.*, ¶ 33.  In

July, however, Plaintiff was reindicted in the Second Enterprise Indictment.  *See id.*,

¶ 36.  Ultimately, Plaintiff pleaded guilty to attempted enterprise corruption on August

16, 2019.  *See id.*, ¶ 37.  Plaintiff's plea satisfied the First Enterprise Indictment, the

Second Intimidation Charge, and the Second Enterprise Indictment.  *See* Dkt. #89-3

(certificate of disposition indicating that Plaintiff pleaded guilty to attempted enterprise

corruption in satisfaction of the First Enterprise Indictment); Dkt. #89-4, p. 22 (portion of

transcript from Plaintiff's plea hearing, in which the prosecution stated that Plaintiff's

plea to attempted enterprise corruption "will also include [the Second Intimidation

Charge and the Second Enterprise Indictment].");  Dkt. #89-5 (certificate of disposition

indicating that the Second Intimidation Charge was resolved by Plaintiff's guilty plea in

satisfaction of the First Enterprise Indictment).


## LEGAL STANDARDS

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.*  Application of this standard is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

at 679.  Plausibility "depends on a host of considerations: the full factual picture

presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally."). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

## DISCUSSION AND ANALYSIS

In the most recent D&O, Judge Sinatra determined that the following claims from Plaintiff's amended complaint survived dismissal: 1) the false arrest, false imprisonment, malicious prosecution, fair trial deprivation, and conspiracy claims against Inv. Persinger and Inv. Dipasquale related to the First Intimidation Charge; 2) the illegal seizure of personal property claim against Inv. Dipasquale related to the First Intimidation Charge; and 3) the malicious prosecution and fair trial deprivation claims

against Inv. Persinger and Inv. Dipasquale related to the Second Intimidation Charge. *See* Dkt. #77, pp. 6-7.

Now, in the SAC, Plaintiff seeks to add the following claims: 1) fair trial deprivation claims against Inv. Persinger and Inv. Dipasquale related to the First Enterprise Indictment; 2) false arrest, false imprisonment, and illegal seizure of personal property claims against Trooper Miles and Trooper Scirri related to the First Intimidation Charge; and 3) false arrest, false imprisonment, malicious prosecution, fair trial deprivation, conspiracy, and illegal seizure of personal property claims against all Defendants related to the Second Enterprise Indictment. *See* Dkt. #85, ¶¶ 7, 21-37, 49, 53, 58, 62-64.

Defendants advance several arguments as to why the new claims in Plaintiff's SAC should be dismissed. *See* Dkt. #89-1, pp. 16-29; Dkt. #110-1, pp. 13-22. Inv. Persinger and Inv. Dipasquale also renew their arguments as to why Plaintiff's malicious prosecution and fair trial deprivation claims related to the Second Intimidation Charge should be dismissed. *See* Dkt. #89-1, pp. 17-24. As discussed further below this Court recommends that Defendants' motions to dismiss be granted and that Plaintiff's remaining claims be limited to the false arrest and false imprisonment claims against Inv. Persinger and Inv. Dipasquale related to the First Intimidation Charge, as well as the illegal seizure of personal property claim against Inv. Dipasquale related to the First Intimidation Charge.

I.    **Trooper Miles and Trooper Scirri**

This Court first addresses Plaintiff's attempt to add Trooper Miles and Trooper Scirri as defendants in his amended complaint and his SAC. *See, e.g.*, Dkt. #48, ¶ 44; Dkt. #85, ¶ 20. Plaintiff asserts that Trooper Miles and Trooper Scirri are "John Doe #1" and "John Doe #2" in his initial complaint. *See id.* As discussed further below, this Court recommends dismissal of Plaintiff's claims against Trooper Miles and Trooper Scirri.

"Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (internal quotation marks and citation omitted). "John Doe substitutions, then, may only be accomplished when all of the specifications of [Federal Rule of Civil Procedure 15(c)(1)(A)] are met." *Id.* Rule 15(c)(1)(A) provides, in turn, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A); *see Singletary v. Allen*, 588 F. Supp. 3d 359, 367 (W.D.N.Y. 2022) ("This Court has recognized that where a plaintiff names a 'John Doe' as a placeholder defendant because he does not know the identity of an individual defendant, he generally is required to replace the placeholder with a named party within the applicable statute of limitations period." (alteration, internal quotation marks, and citation omitted)).

Section 1983 itself contains no statute of limitations, "so courts apply the statute of limitations for personal injury actions under state law," which is three years in New York.  *Hogan*, 738 F.3d at 517; *see* N.Y. C.P.L.R. § 214(5).  New York law also "creates a special procedure for claims alleged against John Doe defendants."  *Hogan*, 738 F.3d at 518.  "Section 1024 of the [New York Civil Practice Law and Rules] reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.  If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly."

*Id.* (quoting N.Y. C.P.L.R. § 1024).  "New York courts have interpreted this section to permit John Doe substitutions *nunc pro tunc*."[3]  *Id.* at 518-19 (collecting cases).

Accordingly, "[t]o take advantage of § 1024, a party must meet two requirements."  *Id.* at 519.  "First, the party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.'"  *Id.* (quoting *Bumpus v. N.Y.C. Transit Auth.*, 883 N.Y.S.2d 99, 66 A.D.3d 26, 29 (2d Dep't 2009)).  "Second, the party must describe the John Doe party 'in such form as will fairly apprise the party that he is the intended defendant.'"  *Id.* (quoting *Bumpus*, 66 A.D.3d at 30).

Here, Plaintiff's claims against Trooper Miles and Trooper Scirri accrued, at the latest, on July 22, 2018, when the Niagara County grand jury found that there was insufficient evidence to indict Plaintiff for intimidating a witness in the third degree.  Dkt.

---

[3] "The phrase *nunc pro tunc* means, literally, 'now for then,'" and "[w]hen a matter is adjudicated *nunc pro tunc*, it is as if it were done as of the time that it should have been done."  *Zhang v. Holder*, 617 F.3d 650, 665 n.13 (2d Cir. 2010) (internal quotation marks and citations omitted).

#48, ¶ 53; Dkt. #85, ¶¶ 47, 49.  The three-year limitations period ended on July 22,

2021, but Plaintiff did not seek to amend his complaint to add Trooper Miles and

Trooper Scirri until July 22, 2022.  *See* Dkt. #48, ¶ 44.  Plaintiff attributes his failure to

the fact that he suffered two strokes between May and July 2019 that prevented him

from meaningfully participating in this case until he regained his memory in the fall of

2022.  *See* Dkt. #85, ¶¶ 36, 38, 41, 44-46.  This Court finds that justification insufficient

because Plaintiff not only meaningfully participated in this case prior to the fall of 2022,

he also was aware of Trooper Miles' and Trooper Scirri's names as far back as January

2020.  *See* Dkt. #17, ¶ 52 (affidavit filed by Plaintiff on January 8, 2020, in which he

stated that "[o]n or about July 13, 2018, Inv. Dipasquale instructed NYS [Troopers]

Robert Miles and D. Scirri to confiscate a cell phone, wallet, $1,700.00 cash[,] and other

property from me when I was arrested." (cleaned up)).


Based on the foregoing, Plaintiff has not met the due diligence

requirement of § 1024.  *See, e.g.*, *Boston v. Suffolk County*, 326 F. Supp. 3d 1, 13

(E.D.N.Y. 2018) ("Plaintiff cannot avail himself of the benefits of § 1024 . . . where [he]

had the names of the officers before the statute of limitations expired . . . [but] made no

attempt to amend his complaint or serve them."); *Ceara v. Deacon*, 68 F. Supp. 3d 402,

408 (S.D.N.Y. 2014) ("[A] plaintiff may not designate a party as 'John Doe' under § 1024

if he has actual knowledge of the party's identity."); *see also Goldberg v. Boatmax://,*

*Inc.*, 840 N.Y.S.2d 570, 41 A.D.3d 255, 256 (1st Dep't 2007) ("[P]laintiff knew the

identities of the intended defendants and their role in the alleged wrongful disposition of

property nearly one year before he sought to add them to the action, and, accordingly,

his failure to name them earlier cannot be characterized as a mistake for relation-back

purposes." (citing *Buran v. Coupal*, 661 N.E.2d 978, 87 N.Y.2d 173, 181 (1995))).

Plaintiff's claims against Trooper Miles and Trooper Scirri therefore do not relate back to

his original complaint under Rule 15(c)(1)(A), and as such, this Court recommends

dismissal of those claims.


## II.     Malicious Prosecution, Fair Trial Deprivation, and Conspiracy Claims

In the SAC, Plaintiff asserts various malicious prosecution, fair trial

deprivation, and conspiracy claims.  *See generally* Dkt. #85.  Despite previously

recommending that some of those claims go forward, this Court now recommends that

they all be dismissed pursuant to the Supreme Court's decision in *Heck v. Humphrey*,

512 U.S. 477 (1994).


The Supreme Court's decision in *Heck* "precludes the use of § 1983 suits

for damages that necessarily have the effect of challenging existing state or federal

convictions."  *Poventud v. City of New York*, 750 F.3d 121, 124 (2d Cir. 2014).  More

specifically, the Supreme Court held that:

> [T]o recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A
> claim for damages bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (emphasis and footnote omitted).  This rule "d[oes] not engraft an exhaustion requirement upon § 1983, but rather den[ies] the existence of a cause of action."  *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999) (internal quotation marks and citation omitted); *see Young v. Monroe County*, 750 F. Supp. 3d 73, 78 (W.D.N.Y. 2024) (acknowledging that the *Heck* bar is jurisdictional in nature).  Accordingly, if a § 1983 suit "is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that his suit does not 'necessarily imply the invalidity of his conviction or sentence.'"  *Jenkins*, 179 F.3d at 25 (quoting *Heck*, 512 U.S. at 487).

        In this case, Plaintiff pleaded guilty to and was convicted of attempted enterprise corruption in satisfaction of the First Enterprise Indictment, the Second Intimidation Charge, and the Second Enterprise Indictment.  *See* Dkt. #89-3; Dkt. #89-4, p.22; Dkt. #89-5.[4]  That conviction remains valid, and as such, any malicious prosecution, fair trial deprivation, and conspiracy claims related to the First Enterprise Indictment, the Second Intimidation Charge, and the Second Enterprise Indictment are barred by *Heck*.  *See Poventud*, 750 F.3d at 132-133 (holding that malicious prosecution claims are categorically barred by *Heck*); *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (concluding that *Heck* barred conspiracy claims under § 1983 and § 1985(3) where "[e]ach of [the] plaintiff's causes of action . . . turns on the asserted existence of a conspiracy to frame [the] plaintiff for murder"); *Jovanovic v. City of New*

_____

[4] When considering a motion to dismiss, "[j]udicial notice may be taken of public records, including arrest reports, criminal complaints, indictments, and criminal disposition data." *Phillips v. City of New York*, No. 21-cv-08149 (ALC), 2024 WL 4307923, at *2 (S.D.N.Y. Sept. 26, 2024) (internal quotation marks and citation omitted).  "Where the Court takes judicial notice of these public records, it does so 'to determine what statements the public records contained not for the truth of the matters asserted.'"  *Id.* (alterations adopted) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

*York*, No. 04 Civ. 8437(PAC), 2006 WL 2411541, at *12 (S.D.N.Y. Aug. 17, 2006) ("A § 1983 claim for the violation of the due process right to a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction." (internal quotation marks and citation omitted)), *aff'd*, 486 F. App'x 149 (2d Cir. 2012).

Similarly, Plaintiff's malicious prosecution, fair trial deprivation, and conspiracy claims related to the First Intimidation Charge are also barred by *Heck*, as a finding of liability on those claims against Inv. Persinger and Inv. Dipasquale would call into question their entire investigation and prosecution of Plaintiff for enterprise corruption. *See, e.g.*, *Zarro v. Spitzer*, 274 F. App'x 31, 34-35 (2d Cir. 2008) ("Counts 1 and 12 both rest on the alleged illegality of the entire investigation and prosecution of this case[;] [g]ranting relief on either count . . . would necessarily impugn the validity of Plaintiff's conviction."); *Bailey v. City of New York*, 79 F. Supp. 3d 424, 448 (E.D.N.Y. 2015) ("Where [the] plaintiff's allegations attempt to undermine the legality of his or her entire prosecution, such that a challenge is to both the counts for which plaintiff was acquitted and for which he or she was convicted, a lawsuit will be barred by *Heck*." (collecting cases)).

For those reasons, this Court recommends dismissal of all of Plaintiff's malicious prosecution, fair trial deprivation, and conspiracy claims, whether they are related to the First Enterprise Indictment, the First Intimidation Charge, the Second Intimidation Charge, or the Second Enterprise Indictment.

III.    **Remaining Claims**

In the SAC, Plaintiff alleges false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment.  *See* Dkt. #85, ¶¶ 21-37.  Defendants argue that those claims should be dismissed on statute of limitations grounds.  *See* Dkt. #89-1, pp. 25-27, 29; Dkt. #110-1, pp. 13-16, 18.  This Court agrees and accordingly recommends dismissal of Plaintiff's false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment.[5]

Section 1983 claims for false arrest and false imprisonment in New York have a three-year statute of limitations.  *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015); *Ortiz v. Wagstaff*, 523 F. Supp. 3d 347, 359 (W.D.N.Y. 2021).  The same is true of illegal seizure of personal property claims.  *See, e.g.*, *Mallard v. Potenza*, 376 F. App'x 132, 133-34 (2d Cir. 2010) (affirming "the challenged judgment with respect to [the plaintiff's] Fourth Amendment claims, as these were filed more than three years after the seizures of the firearms and knives at issue.").  And although state law governs the limitations periods for those claims, federal law governs when they accrue.  *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) ("While the applicable statute of limitations in a § 1983 case is determined by state law, 'the accrual date of a § 1983

---

[5] Judge Sinatra previously allowed Plaintiff's false arrest and false imprisonment claims against Inv. Persinger and Inv. Dipasquale related to the First Intimidation Charge, as well as the illegal seizure of personal property claim against Inv. Dipasquale related to the First Intimidation Charge, to proceed.  *See* Dkt. #77, p.6.  Inv. Persinger and Inv. Dipasquale do not seek dismissal of those claims now, so this Court recommends that those claims continue because they are not necessarily barred by *Heck*.

cause of action is a question of federal law that is *not* resolved by reference to state law.'" (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007))).

In this case, Plaintiff's false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment accrued when he was arrested on October 21, 2018.  *See, e.g.*, *Allen v. Antal*, 665 F. App'x 9, 12 (2d Cir. 2016) (affirming trial court's dismissal of false arrest, false imprisonment, illegal search and seizure, assault and battery, and conspiracy claims as time barred because those claims accrued when the plaintiff was arrested on June 22, 2007, but the plaintiff did not file his complaint until November 2012); *see also Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (acknowledging that federal claims accrue at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis for his action." (internal quotation marks and citation omitted)).  Plaintiff did not allege any false arrest, false imprisonment, or illegal seizure of personal property claims related to the Second Enterprise Indictment until filing the SAC on November 20, 2023, and as such, this Court agrees with Defendants that those claims are time barred.

What is more, Plaintiff's false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment do not relate back to the claims in his initial complaint.  Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ.

P. 15(c)(1)(B).  Rule 15(c)(1)(A) provides the same to the extent that "the law that

provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P.

15(c)(1)(A); *see Hogan*, 738 F.3d at 519 (establishing that Rule 15(c) "instructs

courts . . . to look to the entire *body* of limitations law that provides the applicable statute

of limitations.").  And New York law provides that "[a] claim asserted in an amended

pleading is deemed to have been interposed at the time the claims in the original

pleading were interposed, unless the original pleading does not give notice of the

transactions, occurrences, or series of transactions or occurrences, to be proved

pursuant to the amended pleading."  N.Y. C.P.L.R. § 203(f).

Thus, "[f]or a newly added action to relate back, 'the basic claim must

have arisen out of the conduct set forth in the original pleading.'"  *Tho Dinh Tran v.*

*Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002) (alteration omitted) (quoting

*Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)), *overruled in part on other grounds by*

*Slayton v. Am. Express Co.*, 460 F.3d 215, 227-28 (2d Cir. 2006) (holding that Rule

15(c) decisions are subject to *de novo* review).  But "[i]f an amendment adds a new

claim based on an act that was not alleged in any form in the original complaint, it does

not relate back to the original complaint."  *Id.*; *accord Ridge Seneca Plaza, LLC v. BP*

*Prods. N.A. Inc.*, 545 F. App'x 44, 46-47 (2d Cir. 2013).  Accordingly, Plaintiff's false

arrest, false imprisonment, and illegal seizure of personal property claims based on the

Second Enterprise Indictment do not relate back to the claims in his initial complaint

concerning the First Intimidation Charge.  *See, e.g.*, *Rochester v. Sixth Precinct Police*

*Station*, 370 F. App'x 244, 246 (2d Cir. 2010) ("Although [the plaintiff's] claims are

similar to those raised in his original complaint—namely, police misconduct and harassment—the claims are nevertheless unrelated because they did not arise out of the same conduct set forth in his original complaint, and, instead, involve a different factual predicate based on events occurring [at separate time from those alleged in his original complaint].”); *see also Diallo v. Williams*, No. 04 Civ. 4556 SHS/DF, 2006 WL 156158, at *3 (S.D.N.Y. Jan. 20, 2006) (concluding that the plaintiff’s proposed amendment seeking to add a malicious prosecution claim did not relate back under Rule 15(c) where the new claim was based on an arrest and prosecution occurring three years before the events described in the initial complaint).

Lastly, Plaintiff’s false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment may not proceed under the doctrine of equitable tolling. *See Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023) (“In rare and exceptional circumstances, the statute of limitations governing a § 1983 claim may be subject to equitable tolling, where necessary to prevent unfairness to a plaintiff who is not at fault for [his or] her lateness in filing.” (internal quotation marks and internal citations omitted)). “The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff,” *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000), and “equitable tolling may be appropriate where the plaintiff’s failure to comply with the statute of limitations is attributable to the plaintiff’s medical condition,” *Brown v. Parkchester S. Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002).

Here, Plaintiff asserts that he suffered two strokes in the summer of 2019 and "just most recently in the fall of 2022 regained his memory and was able to participate in [this case]."  *See* Dkt. #85, ¶¶ 36, 38, 41, 44-46.  But Plaintiff does not explain how he nevertheless was able to participate in this case on numerous occasions between the summer of 2019 and the fall of 2022 or why he waited a year after regaining his memory to seek amendment of his complaint to add claims related to the Second Enterprise Indictment.  *See generally* Dkt. #85; Dkt. #112.  So equitable tolling would be inappropriate in this case.  *See, e.g.*, *Haigler v. Fischer*, No. 17-CV-574-(RJA)(HKS), 2023 WL 8114838, at *7-8 (W.D.N.Y. May 2, 2023) (concluding that equitable tolling was inappropriate based on the plaintiff's participation in litigation during the relevant period); *see also Boos*, 201 F.3d at 185 ("Boos's conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.").

In sum, Plaintiff's false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment are barred by the statute of limitations and do not relate back to the claims in his initial complaint.  *See, e.g.*, *Allen*, 665 F. App'x at 12; *Rochester*, 370 F. App'x at 246.  Plaintiff also has not established that he is entitled to equitable tolling on those claims.  *See Boos*, 201 F.3d at 185.  For all those reasons, this Court recommends dismissal of Plaintiff's false arrest, false imprisonment, and illegal seizure of personal property claims related to the Second Enterprise Indictment.

**CONCLUSION**

For the foregoing reasons, it is recommended that Inv. Persinger's and Inv. Dipasquale's motion to dismiss (Dkt. #89) and Trooper Scirri's and Trooper Moscato's motion to dismiss (Dkt. #110) be GRANTED. Plaintiff's remaining claims are: 1) the false arrest and false imprisonment claims against Inv. Persinger and Inv. Dipasquale related to the First Intimidation Charge; and 2) the illegal seizure of property claim against Inv. Dipasquale related to the First Intimidation Charge. Those claims are against Inv. Persinger and Inv. Dipasquale in their individual capacities.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**    **Buffalo, New York**
              **March 8, 2025**

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**